Claudia A. Costa, Esq. (Bar No.: 034261989)
Aimee S. Lin, Esq. (Bar No.: 039532012)
**GOLDBERG SEGALLA LLP**
711 Third Avenue, Suite 1900
New York, New York 10017
646-292-8700
ccosta@goldbergsegalla.com
alin@goldbergsegalla.com
*Attorneys for Defendants Miles Chamley- Watson,*
*USA Fencing Association*
*(incorrectly pleaded as USA Fencing), Jessica Saxon and Shannon Daugherty*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DINAH YUKICH,<br><br>Plaintiff,<br><br>v.<br><br>MILES CHAMLEY-WATSON, USA FENCING, JESSICA SAXON, CREATE A LEGACY NOT A MOMENT, INC., and SHANNON DAUGHERTY,<br><br>Defendants. | Civil Action No.<br><br>**NOTICE OF REMOVAL**<br><br>**(Removed from: Superior Court of New Jersey, Law Division: Civil Part, Atlantic County)** |

To:    United States District Court for the District of New Jersey

Defendant USA Fencing Association (incorrectly pleaded as USA Fencing), by and through undersigned counsel, hereby removes this action from the Superior Court of New Jersey, Law Division, Atlantic County, to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. In support of removal, USA Fencing states:

**ARGUMENT**

1.    Plaintiff filed an action in Superior Court of New Jersey, Atlantic County challenging Defendant, USA Fencing's enforcement of athlete eligibility rules governing

participation in sanctioned fencing competitions, including the Miles Chamley-Watson Cup held March 20–22, 2026 in Atlantic City. (**EXHIBIT A,** Complaint at ¶ 26). USA Fencing is the National Governing Body ("NGB") for fencing, recognized by the United States Olympic & Paralympic Committee ("USOPC") under the Ted Stevens Olympic and Amateur Sports Act, 36 U.S.C. § 220521 ("Ted Stevens Act").

2.      Plaintiff's claims necessarily challenge USA Fencing's federally mandated eligibility rules, USA Fencing's statutory obligations as an NGB, and the USOPC's authority under federal law. These issues arise directly under the Ted Stevens Act. Accordingly, it is respectfully submitted that removal of the action is proper because Plaintiff's claims raise substantial federal questions.

## THERE IS FEDERAL QUESTION JURISDICTION

**A.      The Ted Stevens Act Creates Federal Duties Governing Athlete Eligibility**

3.      The Ted Stevens Act establishes the exclusive federal framework for Olympic and amateur sports governance. 36 U.S.C. §§ 220501–220529. The Act grants the USOPC exclusive authority to recognize NGBs and requires NGBs to adopt and enforce eligibility rules consistent with USOPC policies. 36 U.S.C. §§ 220521–220522.

4.      Plaintiff's Complaint expressly alleges that USA Fencing implemented its transgender eligibility policy because the USOPC required it, quoting USA Fencing's July 22, 2025, communication, "the U.S. Olympic and Paralympic Committee (USOPC) released new athlete-eligibility guidelines … that every national governing body must follow." (Complaint at ¶ 53). Plaintiff's claims therefore require interpretation of federal statutory duties imposed on USA Fencing.

5.      Disputes involving NGB eligibility rules arise under federal law because they implicate the Ted Stevens Act. *Slaney v. Int'l Amateur Athletic Fed'n*, 244 F.3d 580, 595-96 (7th Cir. 2001) (holding that the Ted Stevens Act creates a comprehensive federal scheme governing amateur sports and athlete eligibility); *Behagen v. Amateur Basketball Ass'n*, 884 F.2d 524, 529 (10th Cir. 1989) (recognizing federal jurisdiction where claims implicate the USOPC's statutory authority).

6.      These cases establish that athlete-eligibility disputes involving NGBs fall within federal jurisdiction because they arise under the Ted Stevens Act. In the case at bar, Plaintiff by her own admissions is challenging the federally-mandated eligibility requirements to participate in a USA Fencing event.

## B.      Plaintiff's NJLAD Claims Necessarily Depend on Resolution of Federal Issues

7.      Even though Plaintiff pleads state law claims, removal is proper where state law claims necessarily depend on resolution of substantial federal questions. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005). Plaintiff's state law (NJLAD) claims cannot be adjudicated without determining whether (a) USA Fencing's eligibility rules were mandated by the USOPC under federal law; (b) whether USA Fencing was federally obligated to enforce those rules; and (c) whether state law liability may be imposed for conduct required by federal statute. The resolution of those issues will require a resolution of a substantial federal question; the Ted Stevens Act and removal is thus proper. *Grable* and *Gunn v. Minton*, 568 U.S. 251 (2013).

## PROCEDURAL REQUIREMENTS FOR REMOVAL

8.      Plaintiff filed the Complaint in the Superior Court of New Jersey, Atlantic County, Docket No. ATL-L-001024-26. USA Fencing was served on or about June 9, 2026. This Notice

of Removal is timely under 28 U.S.C. § 1446(b).

9.      All properly served defendants consent to removal though consent is not necessary. All defendants are also represented by the same counsel. *Bradford v. Harding*, 284 F.2d 307, 310 (2d Cir. 1960). Written notice of removal will be provided to Plaintiff and filed with the Superior Court pursuant to 28 U.S.C. § 1446(d).

10.      Venue is proper in this Court under 28 U.S.C. § 1441(a) because the Superior Court of New Jersey, Atlantic County, lies within the District of New Jersey.

11.      By removing, USA Fencing does not admit any of the allegations in Plaintiff's Complaint and does not waive any rights or defenses available to it, including its right to move to dismiss or stay for lack of jurisdiction or because the claims are subject to an arbitration agreement.

12.      USA Fencing specifically reserves all defenses and objections under Federal Rule of Civil Procedure 12.

13.      Pursuant to 28 USC Section 1446 (a), true and correct copies of the state court docket sheet, the Complaint and all other papers, pleadings and orders filed in state court are attached as Exhibit 1. These filings constitute the complete records of all records and proceedings in state court.

14.      USA Fencing respectfully requests the opportunity to fully brief any issues raised as to the propriety of removal,

15.      Upon the filing of the Notice of Removal, USA Fencing will furnish written notice to Plaintiff's counsel and will file and serve a copy of this Notice with the Clerk of the New Jersey Court, pursuant to 28 USC Section 1446(d).

16.      USA Fencing reserves the right to amend or supplement this Notice.

WHEREFORE, USA Fencing removes this action to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §§ 1331, 1441, and 1446 from Superior Court of New Jersey, Atlantic County.

Respectfully submitted,

**GOLDBERG SEGALLA LLP**

By: */s/ Claudia A. Costa*
Claudia A. Costa, Esq.

Dated: July 2, 2026

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2**

Pursuant to 28 U.S.C. Section 1746, I, Claudia A. Costa, being of full age, hereby certify that to my knowledge the matter in controversy is not related to any pending matter or controversy but state that Plaintiff has filed similar claims against USA Fencing and Premier Fencing Club, Abdelaziz, Shannon Dougherty, Mac Brown and United States Olympic and Paralympic Committee Civil Case number 2:25-cv-18011-KSH-AME, DNJ.  It is respectfully submitted that both actions should remain separate.

Respectfully submitted,

**GOLDBERG SEGALLA LLP**

By: */s/ Claudia A. Costa*
Claudia A. Costa, Esq.

Dated: July 2, 2026

## CERTIFICATION OF SERVICE

I, Claudia A. Costa, being of full age, hereby certify as follows:

1.      I am a partner of the law firm, Goldberg Segalla LLP counsel for Defendants, USA Fencing, Jess Saxon, Miles Chamley-Watson, Shannon Daugherty, Inc., and Create a Legacy Not a Moment.

2.      I certify that on July 2, 2026, I caused a true and correct copy of this Notice of Removal to be served upon Plaintiff's counsel as follows:

**<u>Via Email and Regular Mail</u>**
Susan M. Cirilli, Esq.
Spector Gadon Rosen Vinci P.C.
One Logan Square, Suite 1800
130 N. 18th Street
Philadelphia, PA 19103
scrilli@sgrvlaw.com

I declare under penalty of perjury that the foregoing is true and correct.


 */s/ Claudia A. Costa*
CLAUDIA A. COSTA

Dated: July 2, 2026